The action stood continued for advisement until this term, when
Parsons, C. J.,
observed that the five judges had conferred together upon his report, and upon consideration were all of opinion that the damages were rightly assessed by the jury.
The law upon this subject seems to be well settled. When the trespass is found by the jury to be committed severally by the defendants, who plead severally, the damages ought to be severed; but if the trespass be joint, the damages must be jointly assessed, although the defendants plead severally. [11 Co. 5, b, Heydon’s case.] In the case at bar, it appears from the report of the judge, and from the verdict, that there were three distinct trespasses charged in the declaration, but that each trespass was jointly committed by some of the defendants only. The damages for each trespass were rightly assessed jointly against those of the defendants who jointly committed it; and also the damages for the several trespasses were very properly severally assessed. Judgment must be rendered according to the verdict.
As to the costs in this case, the plaintiff is entitled to full costs, to be taxed jointly against all the defendants; for those who were defaulted have, by their default, confessed the trespass, and the others have been found guilty by the jury. The forms of entry in 2 Towns. Judg. 234, pl. 19, 235, pl. 22, and 2 Litt. Ent. 513, Fovargne vs. Hampson & Elam, are in point. The reason is, that the costs of suit are an entire thing, for the payment of which each of the defendants, who is guilty, is responsible.