Porter, J.
The petition alleges, that the defendants abused, ill-treated, assaulted, and falsely imprisoned the plaintiff, to his damage, two thousand dollars.
The defendants plead separately.
*395 East'n District.
March, 1821.
If there are several defendants, and they plead separately they may have the cause tried separately, but if they go to trial jointly, and suffer a verdict to be given against them, they cannot afterwards objects to it as error.
Armitage denying generally, the allegations contained in the petition, and Hayne’s adding to the same defence, the further special matter, that what he did in the premises was done by him as constable, in virtue of a legal writ of capias ad satisfaciendum, issued by Samuel Brownjohn, justice of the peace of the upper banlieu, of the city of New-Orleans.
The testimony taken established the fact of the arrest; and that Armitage was actively assisting the officer, Henry.
The defendants offered in evidence, an execution issued by the justice of the peace, Brownjohn, dated 10th of July, 1819, directed to Henry, or any other constable, ordering that Seré be taken and committed to prison, until the judgment, in the case of Armitage vs. Seré, was satisfied by him. Also, another capias ad satisfaciendum, issued by the same justice to the same officer, dated 21st of July, 1819, directing him to seize and commit Seré to prison. On this last execution, there is a return of the constable, “ received the within, in full, 22d of July, 1819."
Brownjohn was admitted to be a justice of the peace, duly commissioned for the upper banlieu, of the city of New-Orleans.
*396 The plaintiff produced in evidence, a record from the district court, shewing, that on the 30th day of June, 1819, he had obtained from that court, a prohibition, enjoining the said S. Brownjohn, and his constables, from any further proceedings in this case. The order granting this prohibition, was not rescinded or discharged, until the 21st of July following.
The cause was submitted to a jury, who found for the plaintiffs, damages $500. There was judgment accordingly, and from it this appeal has been taken.
It appearing, by evidence, that the execution under which this officer acted, was issued after a prohibition had gone to the magistrate and constables, inhibiting all further proceedings in this case, I am of opinion, that the magistrate and his officers who disobeyed it, were trespassers. Jacob's Law Dict. vol. 5, p. 318. 3 Black. Com. 112, 113. Under this view of the subject, it becomes unnecessary to examine the question raised, as to the jurisdiction of the justice of the peace, and it only remains to consider,
If Armitage, to whom the prohibition did *397 not issue, can be made responsible to the same extent as the officer.
If the verdict assessing damages jointly, when the parties plead separately, vitiates the proceedings.
On the first point, as Armitage had not any authority to assist in the execution of the writ, except in aiding the officer to whom it was directed, he cannot claim exemption from liability to a greater extent than that officer can; it would justify all kinds of excesses, were it held, that a party could be protected in the commission of an injury, by setting up the authority of another who had no right to give it.
As to the irregularity of the verdict, I understand the law to be; that the defendants having plead separately, might, if they had judged it advantageous, had their cause tried separately, 4 Mass. 419. 1 John. 290. 11 Coke, 5. But having submitted, without objection, to let the jury pass on them together, and taken their chance of a verdict in that way, it is now too late for either of them to insist that the case should be examined over again.
On looking into the evidence, I cannot see *398 any thing which would justify an interference with the verdict. Cases of tort, where damages are assessed, fall peculiarly within the province of a jury, and courts should never disturb their finding, unless a very strong case of injustice is clearly made out.
Denis for the plaintiff, Preston for the defendants.
I am therefore of opinion, that the judgment of the parish court be affirmed with costs.
Martin, J. concurred.