Duncan, J.
delivered the opinion of the Court.
The simple point is, are the defendants against whom judgment by default was entered on the day of the trial, but previously thereto, bound by the assessment of the damages on the issue tried between the plaintiff and two defendants who
*413 pleaded? And one, on the first opening of the case, would imagine that a proposition so simple in itself could admit of little doubt, and that a matter which must so frequently have oc- ’ , _ , . , , . . . curred, had been fixed by some settled practice—yet, so it is, that perhaps there is no question in which there is to be found so great uncertainty and confusion. This state of confusion appears to have existed from the earliest periods of the law ; for Lord Coke, in concluding his report of Sir John Hey den’s case, breaks out into the exclamation, “in quo discordia legis perducet miseros.” And Lord Mansfield, in Hill v. Goodchild, 5 Burr. 2791, calls it a question of general experience, and says it is a strange thing that a matter which happens every day should be attended with such difficulties. It is impossible to reconcile all the cases ; and Chief Justice Kent, 1 Johns. 296, says the cases are not capable of being reconciled with each other, nor reconciled with reason. This discordance in the action of trespass, the several pleas and issues; demurrer by some, and issues by others; several issues by some, and judgment by default against others ; the appearance and issue by some, and the non-appearance and want of pleas by-others, do not exhibit the fairest specimen of that beautiful order and simplicity of pleading which is the boast of the common law, and, generally, its just attribute., It would be a rash attempt to endeavour to reconcile these jarring elements, which have baffled the strongest minds ; yet it is necessary to extract, however apparently discordant the decisions and opinions may be from which they are to be drawn, some principles which are to govern this case. Against joint trespassers there can be but one satisfaction—> this is a cardinal rule: If they are sued in several actions, the plaintiff may proceed to the trial of all, and then make his election, de .melioribus damnis ; and although in a joint ac.tion they sever in pleas and issues, yet one jury shall assess the damages. Hey den’s case, 11 Rep. 7 ; and if judgment be entered for the several damages, it will be erroneous. Crane v. Hummerstone, Cro. Fac. 118. Hill v. Goodchild, 5 Burr, 2791. Yet, before judgment a nolle prosequi against all but one, and taking judgment against that one, will cure the defect. Rodney v. Strode, Carth. 19. As the damages in the joint action cannot be severed so as to give more damages against A than B., the damages ought to be given against both to the amount the jury think the most culpable ought to *414 pay. If joint defendants suffer judgment by default, and the plaintiff execute several writs of inquiry, and several dama&es are S^ven, judgment for such damages would be erroneous ; but before final judgment, the Court will suffer a piaintiff to cure the defect by setting aside his own proceedings and issuing a new writ of inquiry. If issue be joined on one of three pleas, and judgment be entered by default on two others, thg plaintiff cannot execute a writ of inquiry on those pleas .on which he has judgment, but must award jury process, tam ad triandum. quam inquirendum. Tidd’s Practice-, 795. So far the ground is clear: It seems to be equally clear, that where several plead to issue, and others suffer judgment to go by default, that a writ of inquiry shall be awarded against the defaulters, but no writ shall issue against them until the inquest joined between the plaintiff and the other defendants have passed; and if that inquest shall find for the plaintiff, they shall assess damages for the whole trespass, and then no writ shall issue against those who made default, because they shall be contributory to the damages taxed by the inquest; and if they shall find against the plaintiff, there shall issue a writ of inquiry of damages against him who made default sufficiently in time. Br. Brief de Inquiry, 8. cites, 89. H. 6. 1. This is a- leading case, and points out a plain course to the plaintiff, that is, that all shall plead to issue or be defaulted, and then the plaintiff proceeds to try the issue, and the same jury assesses the damages against áll; and this case gave rise to the venire tam ad triandum exitus quam inquirendum de damnis. But in our case, when the venire was awarded there was no judgment against those who had not pleaded; they were under a rule to plead, and judgment was not entered until the day of the trial, but previously to the jury being sworn. There was not such a state of things as wquld have warranted- the Court to have done more than to award a venire ad triandum ; and although it is admitted that the award of an inquest would be matter of form, as no writ then actually issued, or ever might, yet that does not prove that when the venire issues, in order to fix the defaulting defendants with the damages to be assessed, that there should not be a judgment to warrant the mandate for issuing it. Like a testatum execution, the original seldom issues to ground the testatum ; but still it is erroneous, unless a term intervenes, so as to justify the Court to enter an original nunc pro tunc» *415 There are certainly many ancient cases to shew that, on several pleas by several defendants, there might be several venires in the same joint action. Lord Coke, in his 10 Rep. 118, Cheney’s case, so states.the law: In trespass against two, one comes in and pleads not guilty, and is found guilty; the first inquest shall assess damages against both defendants; and after the other appears and pleads not guilty, and is found guilty, the finding of the damages by the first inquest shall bind him, although he was not party to it. Sir John Hey-den’s case, 11 Rep. 5. In that case several declarations were filed; the first against Froxmore Cocket, with a simul cum, and afterwards Thomas Cocket appeared, against whom the plaintiff also declared with a simul cum. The cause against Froxmore was first tried, and 200/. damages given ; and then the issue against Thomas, and damages assessed at 50/. Jeffrey Cobbe, the other defendant, appeared and confessed the action, and a writ of inquiry was awarded, but none issued. It was resolved, that as the juries gave their verdict at the same time, the plaintiff might have his election de melioribus damnis, which would bind all. But here the declaration is against all; there it was in the simul cum, and, by declaring in the simul cum, the joint action is severed. 2 Johns."368 ; and in 1 Hen. Munf. 496, it is said by Judge Roane, that a declaration simul cum is a mode of declaring separately. But one year after the decision in Sir John Hey den’s case, in Fuller v. Pitterworth, Brownl. 229, 11 Jac. 1., and again in Dance v. Ekden et al. Cro. Jac. 550. 15 Jac. 1., it'was solemnly resolved, that, in actions of trespass, there shall be only one venire to try several issues between the same parties, if the cause of action arise in the same county. In Tr. Pais, 56, the author after stating the former usage proceeds thus: “ It is now the usual course to have but one venire on several issues, although against several defendants, and so usual that the .Court declared, Cro. Jac. 550, that there never should be several venires to try several issues against several defendants ; for what need the plaintiff trouble himself and the county with several, when one jury will serve his turn, and frustra ft per plena quod fieri potest per peculia ; but it is otherwise if it be in several counties.” However the practice may be in England, there cannot be found one instance of several venires in the same joint action in Pennsylvania; and under the act of 29th March, 1805, directing the mode of selecting *416 and returning jurors, there cannot be several venires in the same joint action without a joint declaration. It appears from the precedents in RástalVs Entries, 254, that where a ioint ac- . .. . . , . , , . ,. tion of trespass is brought against several, if there be a verdict againS(; one or more of them at one time, and the plaintiff chooses to proceed against the rest, he may enter judgment against the first with a cesset executio, until a trial is had as to the other defendants, and then the plaintiff may elect against which of them he will take his final judgment, and enter a nolle prosequi as to the rest. This is stated by Judge Tucker in Ammonett v. Harris & Turpin, 1 Hen. Munf. 496, to- be the regular course. There are, however, many cases contrary to this: Cheyney’s case, Sir John Hey den's, before stated, and Cock v. Jennor, Hob. 66, and many others which have been relied on by the counsel for the defendants in error. In Buller’s Nisi Prius, 20, it is said to be the constant practice now to issue the writ, the writ of venire taw, triandum quam inquirendum, so that the same jury tries the issue and assesses the damages. So in 2 Tidd’s Practice, 802. And in case the defendant who pleads to issue is acquitted, the plaintiff shall go on to assess the damages against the others. Jones v. Harris, 2 Stra. 1108, Cressy v. Webb et al. Id. 1222. But what if he becomes non-suit? Then the damages shall not be assessed. Snow v. Como, 1 Stra. 507. But what if one demur ? A venire is awarded as well .o try the issue as to assess contingent damages. But what if one is not taken? The plaintiff declares against him who does appear, that he simul cum him who does not appear; and if he who pleads is found guilty, and after the other is brought in, and a new declaration filed against him, and he pleads, and is found guilty, whether, in that case, the judgment is entered for the first sum assessed, and binds both; or whether, in such case, he is not to elect which of the defendants he will choose to proceed against, and enter a nolle prosequi as to the other, is, with me, a subject of the greatest doubt. But I rather incline to think the latter is the course, and that by separate declarations the parties are separated. But what if all appear, and some plead to issue and others do not ? Rule the latter to plead, and if they do not, take judgment by default, and then issue a venire as well to try the issue with those who have pleaded, as to assess the damages against all; for to me h appears most manifest, that in order to fis the defaulters^ *417 the venire must so issue, and the jury'must so be sworn. And this opinion is not. formed from the consideration the English practice and decisions alone, but the decisions in our own country. I have already referred to Ammonett v. Harris Turpin, Virginia. I next refer to the case of the Proprietors of Kennebeck v. Boulton and nine others, 4 Mass. Rep. 419. Five were defaulted; the other five pleaded severally the general issue; the jury was empannelled, as well to try the. several issues, as to assess the damages against those who were defaulted. It was trespass' quare clausum and cutting down the trees of the plaintiff; the évidence was of three distinct trespasses, each of which was committed by some of the defendants, only, all of them being present in the close at the same time. Chief Justice Parsons directed the jury, that if they were satisfied that all the defendants who pleaded were guilty, they might assess joint damages against the five who were defaulted, accordingto the injury they had done the plaintiffs; that they might assess damages against the four who had acted together, estimating the damages according to the injury the plaintiffs had sustained from them ; and they might assess damages by the same rule against the remaining defendant. The jury found the defendants guilty, who had pleaded not guilty, and assessed the damages according to the directions given by the. Judge. The defendants who had pleaded, moved for a new trial on account of this direction, and the whole Court were of opinion that the damages were rightly, assessed. This case is one of highly respectable authority to prove two. positions : 1st. That the jury is empannelled, as well to try the issue as to assess the damages against the defaulters. 2d. That in a joint.action of trespass, it does not always follow that the defaulting defendants are bound by the damages assessed against those who had joined issue ; and the Court' there stated the law to be well settled, that where the trespass i$ found by the jury to be committed severally by -.the defendants who plead severally, the damages ought to be severed ; but if the trespass be joint, the damages must be jointly assessed, although the defendants plead severally. Livingston v. Bishop, 1 Johns. 290, only decides, that in separate suits against several defendants for a joint trespass, the plaintiff may recover separately against each; but he can have but one.satisfaction, and must elect de melioribus damnis. Chief Justice Kent considered Sir *418 John Heyden’s case, as in the nature of several actions. Rose v. Oliver, 2 Johns, 365, contains a principle bearing strongly on this case : It was trespass against three—two were taken, and the other not found ; the plaintiff declared against the two defendants in Court, that they simul cum the one not taken committed the trespass; the two pleaded not guilty; the jury found a general verdict, and it was sustained. But let us examine the reason: it was because the declaration was only against the tvvo, simul cum the other; this was an irregularity cured by the verdict—and why was it cured ? Because it was a verdict only against the two who pleaded, and it was in fact an acquittal of the others. These reasons go far to establish, that where, in a joint action of trespass, a defendant has not answered, and the plaintiff takes out a venire on the issue joined by the other defendants, and has a verdict against them, it amounts to a verdict of not guilty against him who has not answered ; for as to all the purposes and consequences of a venire, one who is under a rule to plead, but has not pleaded to issue, and against whom there is no judgment, has as little a status in curia, as he against whom process has issued, but who has not been brought into Court. And it is on this principle alone that the case of Wakeley v. Hart et al. 6 Binn. 37, was decided, and can be supported. This was an action of trespass, assault and battery and false imprisonment against four; two pleaded not guilty, with leave, &c.; the others did not plead, nor was judgment taken against them by default. On the trial those who did not plead were received as witnesses, because the plaintiff ought to have laid them under a rule to plead, and taken judgment by default. They would not then have been witnesses, for the same jury who tried the issue, would have assessed joint damages against all; but, as the record stood, they had not the least interest in the issue, and they were just as indifferent as if they had been sued in separate actions ; there the defendants who.had not pleaded were as competentas if they had not been sued. In the present case, the jury process did not command the sheriff to do more than return a jury to try the issue; it contained no command to summon one, not only to try the issue as to two, but assess damages as to all. It could not do so, because there was no judgment to warrant it. What was the state of the record when the venire issued, is the point of time to be considered, and not the time of return ; *419 for if the defaulting defendants had pleaded to issue, just as the jurors were empannelled, withoht their consent, theirissue could not then have been tried; the defendants might have pleaded several, special justifications; the Courtcould not have awarded a venire facias returnable instanterto try these issues, they might have demurred. The jury returned to try the issue joined, could not have assessed contingent damages; they had day ; nor could & writ of inquiry have then issued on the judgment by default, to be executed the very .instant it was awarded. The four defendants-here cannot be fixed by the trial of an issue to which they were not parties, nor by an assessment of damages by a jury who were not, and.could not be empannelled and sworn to assess damages against them. What, then, is to be the operation of the verdict ? Is it good as to those who have pleaded and had their trial? Can a writ of inquiry now issue against the defaulters, and they be made liable to the assessment of damages by the jury who tried the issue;or is judgment without the award ofa writ of inquiry against the defaulters to be entered on the verdict againsfall; or does this proceeding of the plaintiff amount to a separation of the defendants, and a nolle prosequi as to the four who had-pleaded; or is it a discontinuance which vitiates the judgment as to all ? This'is a matter not unattended with difficulties, and on which it is' impossible to reconcile all the cases. It would seem, however, more recoacileable with reason to consider it as a separation of the defendants, and that the ■venire issuing only against the two, and’ verdict against them and judgment on that verdict, by operation of law, is equivalent to a formal entry of nolle prosequi as to the other, or to consider it as a verdict of acquittal as to all but the two defendants. Referring to the state of the record when the venire issued, this case has some resemblance to Parker v. Nevill & Wood, Hob, 70, where issuing a venire against one of three who pleaded, and two had demurred, and, pending the demurrer, the issue was tried and judgment taken on the verdict, so divided the defendants that they were not subject to'the dama- \ ges found against him. But a stronger resemblance is to Ammonett v. Harris & Turpin, which was a. joint action of assault and battery against twelve; process issued only against seven; two only came in and pleaded to issue; they were found guilty, and the jury assessed damages jointly. The plaintiff, under an order of Court, released a part of the damages as to the two *420 and took judgment for the residue. It was held, the taking 0f the judgment prevented further proceedings against the others, and that the plaintiff could issue a venire as to the . , , others, or proceed to execute a writ of inquiry, and so take judgment against any of them, de melioribus damnis. Ross v. Oliver, in principle, cannot be distinguished from this case, and Wakeley v. Hart, adopted the very principle, that by taking out a venire against those who pleaded, and proceeding to try that issue, by operation of law, released the others who had not pleaded, and, therefore, they were competent witnesses. Give it what name you please'—'discontinuance, nolle prosequi retraxit, release, or acquittal, the effect is the same. This opinion has extended to a tedious length—I found it impracticable to reduce it to a narrower compass without obscurity; to explain the reasons of the opinion, required a general view of the clashing opinions and inconsistent decisions on this dry but curious subject. The Court reverse the judgment as to all but the two Cridlands, and the execution in to to, and remand the record to the District Court.
Judgment reversed as to all but two defendants, and the execution in toto.