The opinion of the Court was read as drawn up by
Parker C. J.
The plaintiff has shown a title to the premises by his deed from Abraham Darling of the equity *320 of redemption, which had been conveyed by Brastow, the deputy sheriff, to A. Darling, as the purchaser at a sale on execution. This gave him the right .of possession, and he entered and actually occupied under his deed. He therefore is entitled to an action of trespass against any one who cannot defend himself by title or right of entry.[1] One of the defendants claims to own under a levy of an execution against Thomas Darling, but he shows no estate in Thomas Darling. The release of the mortgage is to Kempton, the plaintiff; so that the legal estate is wholly in him.
Oct. term 1827.
The ground taken in defence is, that the consideration for the release from Paine, was paid in whole or in part by Thomas Darling, and therefore that a trust results to him. But if this be so, he had not such a title as can be taken by levy, for he holds nothing by deed or record, and so- cannot be the owner of the estate.[2] The case of Goodwin v. Hubbard et al. will not support this defence, for in that case Hubbard the tenant was in actual possession, and he was allowed to defend himself by showing that the demandant’s title was fraudulent and covinous.

Judgment according to verdict.

Note. This action was against two defendants, Cook ana Aldrich, who pleaded severally the general issue. The declaration contained two counts. The jury found Aldrich not guilty on the first count, and Cook guilty, and found both guilty on the second count; and assessed damages severally, to wit, against Cook, on both counts, 55 dollars, and against Aldrich, on the second count, 11 dollars and 50 cents Metcalf now inquired in what manner execution should issue, and cited Proprs. Kennebeck Purchase v. Boulton et al. 4 Mass. R. 419.
*321 Per Curiam.
Let three executions issue, one against both defendants for the costs only, and several executions for the several damages.

 See 1 Chitty’s Pl. (6th Amer. ed.) 202, 203.

 See Black v. Black, 4 Pick, 237, 238; Runey v. Edmands, 15 Mass. R (Rand’s ed.) 294, n. (a).