## EAMES & a. v. STEVENS.

In an action of trover, the body is not exempt from arrest, and an execution may run against it, whether the service of the writ was made by an arrest or not.

Defendants, by pleading severally, do not thereby, as a matter of right, entitle themselves to separate trials. It is within the discretion of the court to say whether separate trials shall be had or not.

As a general rule, verdicts should follow the issues framed. But where the verdict follows the issue, substantially, it is sufficient; and error will not lie for a mistake in form.

In an action of tort against several defendants, if the jury return a joint verdict against them, judgment should be rendered against them, jointly, for the damages also jointly for the costs, and this, notwithstanding the defendants may have pleaded separately.

If a judgment consist of several distinct and independent parts, and one is erroneous, the judgment may be reversed as to the erroneous part, and affirmed as to the other.

On the reversal of a judgment rendered in the common pleas, the superior court will give such judgment as the court below should have given, the record being in the superior court for every purpose of giving a perfect judgment.

On a reversal of judgment on error, a party is to be restored to all things which he has lost by the judgment in the court below. And if an execution has been issued against him and collected, he will be entitled to judgment for restitution.

ERROR, brought to reverse a judgment of the common pleas, recovered on the first Tuesday of October, 1851.

The action was trover, and was brought by Stevens in the common pleas, against Eames and Tuttle, the plaintiffs in error, for a joint conversion of the property set forth in the declaration. Eames and Tuttle pleaded, severally, the general issue. They were, however, tried together, and the jury returned a verdict against them in the following form:

"In this case the jury find that the said Eames and the said Tuttle are guilty in manner and form as the plaintiff hath alleged, and assess the damages at the sum of one hundred and ninety-one dollars and thirteen cents."

The judgment rendered on the verdict was as follows:
"It is, therefore, considered by the court that the said Ste-

vens recover against the said Eames and Tuttle $208,33 damages," being the amount of the verdict and interest.

" It is further considered by the court that the said Stevens recover against the said Eames his costs, taxed at $67,14." And

" It is further considered by the court that the said Stevens recover against the said Tuttle his costs, taxed at $67,14."

Judgment was thus rendered against both, jointly, for the damages, and against each, separately, for the full amount of the costs, the same items of costs being taxed against each.

Three executions were issued upon the judgment, one against both, jointly, for the damages, and one against each, separately, for the costs.

The *assignment of errors* was as follows:

1. The action was trover against both Eames and Tuttle, for the conversion of certain property, and the writ run against their bodies. Tuttle's body was not arrested on the writ. Execution, however, was issued against his body.

2. In the common pleas, the defendants pleaded, severally, the general issue, but were tried at the same time and by the same jury.

3. The verdict does not follow the pleadings.

4. The verdict is, that the said Eames and the said Tuttle are guilty in manner and form as the plaintiff hath alleged, &c., and is a verdict against both defendants, jointly. The case went to the superior court on questions of law, and at the July term of said court, 1851, it was ordered that judgment be rendered on the verdict. Judgment was not rendered on the verdict, but against the defendants, jointly, for the damages and severally for the costs.

5. The plaintiff taxed two bills of costs, each amounting to $67,14, including writ, service, entry, travel and attendance of party, attorney-fee, jury-fee, costs of taking depositions, travel and attendance of witnesses, costs in the

superior court, and all the taxable costs, and every item of costs is taxed twice, once against each defendant, whereas the several items were incurred but once by the plaintiff.

6. Executions were issued against both of the defendants for the damages, and against each one of them for the whole amount of the costs.

*Bingham*, for the defendant in error.

All process founded in tort runs against the body. The exception of the statute does not reach actions of that character. Rev. Stat. ch. 185. And because the body was not arrested on mesne process, the right to issue execution against the body is not thereby waived.

The common law practice, in actions of tort is, where the defendants plead severally, and the wrong complained of is joint, to render a joint verdict for damages. *Crosby* v. *Lovejoy*, 6 N. H. Rep. 458 ; 3 Mass. Rep. 408; 4 Mass. Rep. 421.

The defendants should have claimed the right of a separate trial at the time, and not having excepted then, they have waived it.

Defendants, in actions of tort, pleading severally, are entitled to several bills of costs and executions. 6 N. H. Rep. 458; 6 Johns. 109; 13 Mass. Rep. 536; 10 Mass. Rep. 56; 1 Pick. 452.

It is optional with the plaintiff, in an action of tort, where the defendants have pleaded, severally, to tax the jury and witnesses' fees to either, or divide it equally between them. 1 Pick. 452; 10 Mass. Rep. 56.

And they are liable the same as several promissors on a promissory note. 11 Mass. Rep. 88, 90 ; 6 Mass. Rep. 18.

Matters within the discretion and practice of a court, are not subject to a revision by a writ of error. 7 Vt. Rep. 475, 537.

It might be error, if both executions for costs had been collected. All we wanted was but one satisfaction for the witnesses' fees, &c. ; but we had a right to tax them in both

executions, and collect of whomsoever we could. The defendants were liable for the whole expenses and costs, and we ought to have the right to take executions against both of them severally. We could collect but one, but ought to have execution against each.

*Rand*, for the plaintiffs in error.

Our positions are stated in the assignment of errors.

A several taxation of costs happens only when several actions are brought against several joint trespassers; and only one bill is allowed when the action is brought against several joint trespassers, jointly, and they plead severally. *Livingston* v. *Bishop*, 1 Johns. 290.

In trespass against three defendants, judgment was obtained against them all. In review, only against two. The third was allowed travel and attendance, and that was all. 4 Mass. Rep. 421; *Kempton* v. *Cook*, 4 Pick. 305.

In an action of assumpsit against several defendants, if they sever, and a verdict is found for all, several costs will not be allowed. 6 Mass. Rep. 444; 13 Mass. Rep. 148.

At most, travel and attendance and witnesses' fees is all that should have been taxed in this case. *Crosby* v. *Lovejoy*, 6 N. H. Rep. 458.

EASTMAN, J. The first error is not well assigned. In an action of trover the body is not exempt from arrest. The power to arrest in this action has not been changed by our statute abolishing imprisonment for debt, and it remains as at common law. It is immaterial, therefore, whether a defendant be arrested on mesne process or not; the execution may run against the body, and an arrest may be made upon it, however the service of the original writ may have been.

The second assignment is equally untenable. It does not appear by the record, or by any bill of exceptions filed, that the plaintiffs in error desired a separate trial. This would be a sufficient answer to the error assigned.

Eames *v.* Stevens.

But defendants, by pleading severally, do not as a matter of right thereby entitle themselves to several trials. It is within the discretion of the court which tries the case to say whether separate trials shall be had or not. *Sawyer* v. *Merrill*, 10 Pick. 18; *Dougherty* v. *Dorsey*, 4 Bibb 207.

The third error assigned is, that the verdict does not follow the pleadings, and this, upon a strict grammatical construction of the form of the verdict, is correct. Inasmuch as the defendants severally pleaded not guilty, it would have been more strictly in accordance with the issues for the jury to have said, " the jury find that the said Eames is guilty, and the said Tuttle is guilty, and assess damages," &c., instead of saying as they do, " and the said Eames and the said Tuttle are guilty," &c. But this, at best, is only an error in form, which does not affect the substance of the verdict, and both by statute and at common law, is not a ground for reversing the judgment. The statute provides that no writ, declaration, return, process, judgment or other proceeding in the courts or course of justice, shall be abated, quashed or reversed for any error or mistake, where the person or case may be rightly understood by the court, nor through defect or want of form or addition only ; and courts may, on motion, order amendments in any such case. Rev. Stat. ch. 186, § 10.

The fourth, fifth and sixth errors assigned may all be included under one. The position is, that the judgment has been erroneously made up, and in this, we think, the plaintiffs in error are correct.

The suit was brought against both, jointly, for a joint conversion of the property. They pleaded severally, and if on the trial the jury had found the defendants severally guilty, and had severed the damages, or if separate trials had been had, and the damages severed in the verdicts, judgment for the damages must have been entered accordingly. *Kempton* v. *Cook*, 4 Pick. 305.

But it seems that had several suits been brought against

each of the parties, and the jury returned damages in each case for the whole wrong done, the plaintiff could have taken execution at his election against one only for the damages jointly, for he could have but one satisfaction, although he could recover costs in each suit, since he had a cause of action against each. *Livingston* v. *Bishop & als.* 1 Johns. 290; *Bird* v. *Randall,* 3 Burrows 1345.

In this case the jury, by their verdict, assessed the damages against both defendants. To this there could be no objection, notwithstanding the several pleas, for the action was against them jointly, and both were tried at the same time; and if the jury believed that the tort complained of was joint, they should so find. *Bohun* v. *Taylor,* 6 Cowen 313; *Proprietors of Kennebeck Purchase* v. *Bolton & al.* 4 Mass. Rep. 419.

If there was any evidence tending to show a several conversion, the jury were undoubtedly instructed at the trial that they could acquit one of the defendants, and render their verdict against the other.

So far as the damages are concerned, the judgment, having been entered against both of the defendants, jointly, according to the verdict, is to that extent correct.

But the plaintiff, in the court below, should have taxed but one bill of costs, and that should have been a joint one against both defendants. They were sued jointly and tried jointly, and, as a general principle, the costs recovered by a plaintiff are an entire thing. *Pro. Ken. Purchase* v. *Bolton & als.* 4 Mass. Rep. 419.

In *Kempton* v. *Cook & al.* 4 Pick. Rep. 305, the defendants, in action of trespass, pleaded, severally, the general issue, and the jury assessed several damages against them. The court held that one execution should issue against both for the costs, and separate executions for the several damages against each.

Perhaps, had there been separate trials, separate executions might have issued for such costs as were specially in-

curred by means of the several trials. In *Mason* v. *Waite & al.* 1 Pick. 458, *Parker*, C. J. says : " It is true, the plaintiff can recover but one bill of costs in most cases, though if there were several trials, he would have a right to tax in his bill the court and jury fees on each trial.

This view of the question does not infringe upon the rule that where, in actions of tort, the defendants plead severally and prevail, they shall have each his costs. *Crosby* v. *Lovejoy*, 6 N. H. Rep. 458 ; *West* v. *Brock & al.* 3 Pick. 303. Nor upon the reason of the rule, for in such cases the defendants do not have full costs. Each is allowed his travel and attendance and attorney-fee ; but the expenses of the witnesses, and all other charges, are single, and may be distributed among the defendants, according to the advances made by each, or the whole may be put into one bill. *Mason* v. *Waite & al.* 1 Pick. 452 ; *West* v. *Brock & al.* 3 Pick. 303 ; *Crosby* v. *Lovejoy*, 6 N. H. Rep. 458.

If the defendants plead jointly, they are content to remain upon the record as one person, and can have but one bill of costs. *Ewer* v. *Beard & al.* 3 Pick. 64 ; *West* v. *Brock & al.* 3 Pick. 303 ; *Crosby* v. *Lovejoy*, 6 N. H. Rep. 458.

If they plead severally, the presumption is that each person has a defence for himself, and he, therefore, attends court as a separate party ; and, in case he prevails, he should have such costs as he, as an independent party, has been put to. Whereas the plaintiff is but one party, and he attends court only as such in the same suit, let the form of the pleas be what they may.

As a general rule, a judgment being an entire thing, cannot regularly be reversed for part and affirmed for the residue. 2 Bac. Abr. Error, M. 1 ; 2 Ld. Raymond 825 ; Croke James 424 ; Roll. Abr. 776.

But where there are several distinct and independent judgments, the reversal of one will not affect the others. 2 Bac. Abr. Error, M. 1 ; 2 Strange 807 ; 2 Ld. Raymond 1532.

So, also, if the judgment consists of several distinct and independent parts, and one is erroneous, it may be reversed as to the erroneous part and affirmed as to the other. 1 Strange 188; 5 Cowen 654; *Cummings* v. *Pruden*, 11 Mass. Rep. 206.

In this case, the judgment consists of independent parts. That part which was made up for the damages is right and must be affirmed, and that which was entered for the costs is erroneous and must be reversed.

On the reversal of a judgment, this court will give such judgment as the court below should have given, the record being here for every purpose of giving a perfect judgment. *Pangburn* v. *Ramsey*, 11 Johns. 141; 12 Johns. 68; 2 Tidd's Prac. 1130; Howe's Prac. 488.

So far, then, as the costs in the court below are concerned, the judgment is reversed; and the defendant in error being entitled to one bill of costs against both of the plaintiffs in error, judgment must be entered for him accordingly.

In the proceedings in this court, the plaintiffs in error are the prevailing party, and should recover costs. These, however, should be set off and deducted from the costs to which the defendant in error is entitled upon the proceedings in the court below.

If the executions which were issued for the costs have been collected, the plaintiffs in error will also be entitled to judgment for restitution for the sum collected. This may be effected by application to the court, on establishing the facts by affidavit. *Saffon* v. *Stevens* 2, Wendell 158. On a reversal of judgment, a party is to be restored to all things which he has lost by the judgment in the court below. *Pangburn* v. *Ramsay*, 11 Johns. 143.

The decision of the court, then, is, that judgment be affirmed for the damages, and reversed as to the costs; and that there be judgment for the defendant in error against the plaintiffs in error, jointly, for the costs in the court below,

deducting therefrom the costs of the plaintiffs in error in this court.

It is suggested that an injunction has been issued against the collection of the several executions that have been issued. As to the execution for damages, it will be dissolved; and as to those for costs, it will be made perpetual.