OPINION of the Court, by
Judge Boyle.
— This was an action of trespass vi et armis, brought by Anderson against Rochester, Tadlock and others, for breaking and entering his dwelling house, &c. Rochester and Tadlock appeared to the suit, and pleaded jointly not guilty. The capias ad respondendum not being executed upon the other defendants, the suit was discontinued as to them. On the trial of the cause, after the plaintiff had gone through his evidence, the counsel for the defendant moved the court to send out the jury first as to Tadlock, that if they should find for him, he might be used as a witness for Rochester. To this procedure the plaintiff objected, but the court overruled his objection, and directed the jury to retire and find first as to Tadlock : an exception was taken by the plaintiff to this opinion and direction of the court, the bill of exceptions stating the evidence produced.
The jury, after retiring, returned a verdict against Tadlock, and assessed the damages at fifty-seven pounds six shillings. The same jury then, after retiring again to consult of their verdict as to Rochester, found him guilty, and assessed the damages against him to £. 132 10s. On motion, anew trial as to Tadlock was granted, on the ground that the verdict was against evidence ; to which the plaintiff excepted. Against Tad-lock, the record exhibits no farther proceedings ; the suit, as is suggested, being still depending as to him.
Rochester also moved for anew trial, but his motion was overruled. He then moved in arrest of judgment, and alleged, in substance, the following errors : 1st. that the jury had assessed several damages, whereas the action being joint, and the plea joint, they should have given entire damages ¡ and 2dly. that the judg *440 ment cannot be entered against Rochester whilst the cause as to Tadlock is depending. This motion was likewise overruled by the court, and judgment rendered for the plaintiff against Rochester for the amount of the damages assessed by the jury against him. From which judgment this appeal has been taken by Roahes-ter.
The errors assigned involve the Following enquiries. 1st. Whether, where the action is joint against several who join in pleading, the jury can sever and apportion the damages ? 2dly. How far does the doctrine of the law upon this subject affect the regularity of the proceedings in this case ? and 3dly. Ought a new trial to have been granted to Rochester by the court below ?
As, in a moral point of view, there may be different degrees of guilt attached to those who are concerned in the commission of a trespass, it seems to accord with the dictates of natural justice, that their responsibility should be apportioned amongst them. The law, however, less nice than the moral sense in discriminating the different shades of culpability, admits, in inferior trespasses, of no distinction in the degrees of guilt, but deems all concerned equally culpable, and holds each one liable to redress the whole injury. This doctrine of the law is not without its policy. It prevents the necessity of investigating nice and subtle questions as to the different shades of guilt, and thereby diminishes the difficulties and expences of litigation. And whilst it secures to the injured party a mpre certain redress for-the injury, it at the same time tends to the discouragement of trespasses, by preventing responsible men from associating themselves with those who are insolvent in the commission of acts of violence, thereby hoping to screen themselves from a portion of the liability to repair the wrong done. As all concerned are, in the contemplation of law, equally culpable, and the injured party can be entitled to but one compensation, the authorities opposed to giving several damages do not appear to be without foundation in policy and propriety. •
The precedents to this effect are numerous ; and it must be considered, at this day, as the settled law, that in a joint action against several who plead jointly, the damages cannot be severed. The next question then *441 occurs, how far this doctrine affect3 the regularity of the proceedings in the present case.
It is clearly laid down in the best authorities, that where there are several damages assessed by the jury against the several defendants, that the plaintiff may elect de mdioribus damnis, and have judgment therefor against all the defendants — -See 2 Bac. A.hr. title damages, and 1 Hen. and Mun. 488. If tr~ verdict had remained against Tadlock, the plaintiff nrght, according to this doctrine, have taken judgment against both the defendants for the damages assessed against Rochester, or for those assessed against Tadlock, but not for both.
But the verdict being set aside as to Tadlock, his election was thereby taken away, and he could only take judgment against Rochester for the damages assessed against him. If no judgment had been entered against Rochester, and the cause had been continued upon the verdict until the trial of the cause as it relates to Tadlock, and the jury had found Tadlock guilty, the plaintiff might then have taken judgment against both for the damages found against Rochester, But having taken judgment against Rochester alone, he cannot, according to the authority of the ease before cited from Henning and Munford, proceed to a judgment against Tadlock, and if he should do so, such judgment would be clearly erroneous. If, however, he should do so, it could not affect the regularity of the judgment against Rochester.
Upon the whole, the courtis of opinion, that the doctrine that several damages cannot be allowed against several defendants in an action for a joint trespass, does not apply to the present case, or in any manner affect the regularity of the proceeding and judgment againsc Rochester. As to the point of a new trial, there is no ground for hesitation. The evidence exhibited in the record clearly proves that the verdict was neither pgainstevidence or law; nor can the court say that the damages are so excessive as to justify setting it aside.
Judgment affirmed.