## ALLEN v. WHEATLEY.

Trespass against two persons for an assault and battery. One suffered judgment by default, against whom damages were assessed, and final judgment was rendered. Plea in bar by the other, issue to the country, and verdict and judgment against him. *Held,* that the taking separate judgments against the defendants, in such case, is error.

The plaintiff in this case, on the trial of the issue, executed a release of the judgment against the other defendant, in order to render him a competent witness. *Held,* that the release discharged both the defendants.

*Monday,*
*May 26.*

ERROR to the *Morgan* Circuit Court.

STEVENS, J.—*Wheatley* declared against *Allen* and *Carpenter* jointly, in an action of trespass, assault and battery, false imprisonment, &c. *Allen* appeared and pleaded severally two pleas, on which issues were joined to the country. *Carpenter* made default, and an interlocutory judgment was entered against him, damages by an inquest assessed, and a separate judgment entered against him for the damages so assessed, and costs. Afterwards, at the same term, the issues joined between the plaintiff and *Allen*, the other defendant, were tried by a jury, *Allen* found guilty, separate damages assessed against him, and a separate judgment rendered against him thereon for those damages and costs.

It appears by a bill of exceptions, that on the trial of those issues, the plaintiff offered to introduce as a witness, to prove his cause of action, *Carpenter*, the other defendant, against whom final judgment had been rendered for damages and costs as aforesaid; and that *Allen*, the other defendant, objected on the ground of his being a joint trespasser, who was sued jointly as such, and who was a party to the record, and was interested. To obviate this objection, the plaintiff upon record entered a release of the judgment against him, and he was then sworn and gave evidence.

The errors complained of are,—1st, the action being joint for a joint trespass, the plaintiff erred in taking a final judgment separately against each defendant for separate damages and costs; 2dly, that the separate final judgment taken against *Carpenter*, was in law a release to *Allen;* 3dly, that the release on record of the judgment against *Carpenter*, discharged

May Term, 1834.

ALLEN
v.
WHEATLEY.

*Allen* from any further liability; and 4thly, the Court erred in permitting *Carpenter*, the co-defendant, to give evidence on behalf of the plaintiff.

There is, perhaps, no subject in the books, about which there appears to be so much contradiction and uncertainty, as there is respecting the rights of the parties in actions for trespasses. The cases cannot all be reconciled with each other, but still the true doctrine may, perhaps, in most cases be with some degree of certainty collected. All trespasses are joint or several at the will of the person to whom the wrong is done; and he may sue them jointly or separately at his will. The joint act of several trespassers forms but one injury, and that injury requires but one compensation; and each of the joint trespassers is liable for the whole wrong committed; and if the injured party receives satisfaction from one, it absolves all the others; also an accord and satisfaction with one, or a release to one, discharges all the others.

The injured party may, if he choose, sue several joint trespassers separately, and may prosecute each suit to a final judgment, but there he must stop and elect against whom he will take his execution; and when he has made his election, he must enter a perpetual stay of execution as to each of the other judgments. He cannot have two separate executions. Hence a final judgment and an execution, or an order for an execution, against one of several joint trespassers, is a discharge of all the others. But if he bring a joint suit against them all, he can have but one final judgment. If they sever in their defence, and make separate issues to the country, and separate damages be assessed separately on each issue, yet he must not take separate judgments. In such case, he must elect for which assessment of damages he will take judgment, and enter a *remittitur* as to all the other assessments, and take his final judgment against all the trespassers for the one damages, and all the costs; or he may enter a *nolle prosequi* as to all the defendants but one, and take judgment against him alone for the damages assessed against him, and costs. There may, however, be cases of trespasses committed upon land and the like, where, if the trespassers are separately sued, or if they sever in their defence, the jury may find one guilty at one time and another guilty at another time, and several damages may be assessed; or the jury may find some of them guilty as to part, and others

May Term, 1834.

not guilty as to part, and assess the damages severally; but there can be no case of a tort committed upon the person where that can be done. Bac. Ab. Trespass.—*Mitchell* v. *Milbank*, 6 T. R. 199.—*Crane et al.* v. *Hummerstone*, Cro. Jac. 118.—*Hill* v. *Goodchild*, 5 Burr. 2790.—11 Co. 5.—Strange, 422.—*Proprietors of the Kennebeck Purchase* v. *Boulton et al.* 4 Mass. 419.—*Riley* v. *M'Gee*, 1 Marsh. 432.—*Rochester* v. *Anderson*, 1 Bibb, 439.—*Dougherty* v. *Dorsey*, 4 Bibb, 207.—*Livingston* v. *Bishop*, 1 Johns. Rep. 290.—*Rose* v. *Oliver et al.* 2 Johns. Rep. 365 (1).

In the case now before us, the action was joint against two for a joint trespass by them committed upon the body of the plaintiff, and therefore he could only have one final judgment. He, however, thought proper to have damages assessed against each defendant separately, and took a final judgment separately against each accordingly. In that there is error.

And as to the release given by the plaintiff to *Carpenter*, one of the defendants, for the purpose of making him a competent witness against the other defendant, there can be but one opinion; it operates in law as a release to *Allen*, the other defendant, and absolves him from all further liability.

It is not necessary to examine the other errors; the case must be reversed.

*Per Curiam.*—The judgment is reversed with costs.

C. *Fletcher*, for the plaintiff.

W. W. *Wick* and H. *Brown*, for the defendant.

(1) Vide *Palmer et al.* v. *Crosby*, Vol. 1, of these Rep. 139, and notes 4, 5, 6.—*Davis* v. *Scott*, Ibid. 169.