Everroad *et al. v.* Gabbert.

---

No. 9705.

EVERROAD ET AL. *v.* GABBERT.

| 83 | 489 |
| 129 | 188 |
| 83 | 489 |
| 137 | 292 |
| 83 | 489 |
| 146 | 173 |
| 83 | 489 |
| 153 | 598 |

VERDICT.— *Venire de Novo.*—*Election.*— *Conversion.*— *Damages.*— In a suit against four for a joint conversion of personal property, the defendants answered jointly, and the verdict was " for the plaintiff," assessing his damages against two of the defendants at $980, and against the other two at $670.

*Held,* that a motion by the two defendants assessed $980, for a *venire de novo,* should have been granted.

*Held,* also, that the plaintiff might, by election, have cured the defect in the verdict and taken judgment for either sum against the defendants assessed therewith, entering a *nolle prosequi* as to the others.

SAME.—*Tort.*—Where a tort is charged against several jointly, who join in their pleadings, and the jury find them jointly guilty, the damages must be assessed against all jointly, even where all are not equally culpable.

From the Shelby Circuit Court.

*O. J. Glessner, E. K. Adams, L. J. Hackney, R. Hill, B. F. Love* and *H. C. Morrison,* for appellants.

*N. T. Carr, G. W. Cooper, A. Burns, E. P. Ferris* and *A. F. Wray,* for appellee.

MORRIS, C.—The appellee sued the appellants in the Bartholomew Circuit Court, to recover damages for the conversion of personal property. The cause was removed, by change of venue, into the Shelby Circuit Court.

The complaint consists of one paragraph. The appellee alleges that he is the owner and entitled to the immediate possession of 25 acres of corn, of the value of $500; 3,000 bushels of corn, of the value of $1,050; 50 tons of hay, of the value of $425; 25 head of stock hogs, of the value of $120. The location of the corn, hay, etc., is stated to be in Bartholomew county, and it is averred that on the 12th day of December, 1877, the appellants wrongfully and unlawfully converted said property to their own use, to the appellee's damage, etc.

The appellants jointly answered the complaint in four paragraphs, the first being the general denial. The appellant Everroad also filed a separate paragraph of answer, setting up special matter in bar of the action as to him.

The appellee demurred separately to the second, third and fourth paragraphs of the joint answer of the appellants, and to the separate answer of Everroad. The demurrers were sustained to the second and fourth paragraphs of the joint answer of the appellants, and overruled as to the third. The demurrer was also sustained to the separate answer of Everroad. The appellee replied to the third paragraph of the answer.

The cause was submitted to a jury, who returned the following verdict:

" We, the jury, find for the plaintiff, and assess his damages at nine hundred and eighty and $\frac{47}{100}$ dollars, as against John Cook and William F. Everroad, and, also, against Samuel C. Daugherty and William F. Everroad the sum of six hundred and seventy and $\frac{95}{100}$ dollars.

" WILLIAM P. TOMBERG, Foreman."

Cook and Everroad moved the court for a *venire de novo*, because of the defectiveness of the verdict. The motion was overruled.

The appellants then separately moved the court for a new trial. Their motions were overruled, and final judgment rendered upon the verdict in favor of the appellee and against the appellants Cook and Everroad for the sum found by the jury against them, and against Daugherty and Everroad for the amount found by the jury against them.

The rulings of the court upon the demurrers to the second and fourth paragraphs of the joint answer of the appellants, and the separate answer of Everroad, and upon the several motions of the appellants, are assigned as errors.

The appellants insist that the court erred in overruling the motion of Cook and Everroad for a *venire de novo*.

The meaning of the verdict of the jury is not as clear and obvious as it might be. The words, "We, the jury, find for the plaintiff," are equivalent to a finding that the appellee was the owner, and entitled to the immediate possession, of the property described in the complaint, and that the appellants had, as therein charged, wrongfully and unlawfully converted the same to their own use. There is but one finding for the appellee, and but one conversion found. The finding is against all the appellants, and finds them all jointly guilty. It is not, nor can it be construed to be, a finding of two conversions, one by Cook and Everroad of a part of the property, the other by Daugherty and Everroad of another part. After this general finding for the appellee and against the appellants, the jury assess the damages as follows: "And assess his damages at $980.47, as against John Cook and William F. Everroad, and, also, against Samuel C. Daugherty and William F. Everroad the sum of $670.95."

These separate assessments of damages were made on account of the joint guilt of all the appellants as previously found by the jury, not for or on account of separate and dis-

tinct conversions, in which two only of the appellants were concerned.

The question raised by the motion for a *venire de novo* is, where the jury has found that all the defendants are guilty jointly of a wrongful and unlawful conversion of property, can they assess several damages? We think they can not.

In the case of *Hill* v. *Goodchild*, 5 Burr. 2790, Lord Mansfield said: "As the trespass is jointly charged upon both defendants, and the verdict has found them both jointly guilty, the jury could not afterwards assess several damages."

Judge Cooley says: "When the suit is against several joint wrong-doers, the judgment must be for a single sum against all the parties found responsible." Cooley Torts, p. 136.

Hilliard says: "The principle of *severance*, however, is held not to apply to the award of damages, although all the defendants may not be equally culpable." 2 Hilliard Torts, p. 267. To the same effect are the cases of *Allen* v. *Craig*, 1 Green (N. J.) 294; *Layman* v. *Hendrix*, 1 Ala. 212. See also *Palmer* v. *Crosby*, 1 Blackf. 139; *Allen* v. *Wheatley*, 3 Blackf. 332; *Carney* v. *Reed*, 11 Ind. 417. In the last of the above cases, which was an action to recover damages for . trespass upon land, the court below refused to give the following charge :

"You can assess different degrees of damages against those of the defendants whom you find guilty; you are not bound to assess the same sum against each, or one sum against all guilty, but may discriminate." This court said: "There was no error in refusing to give the instruction as asked."

The verdict in the case in hearing is clearly irregular. The appellee might have cured the irregularity by electing to take judgment against two of the defendants for either sum, and entering a *nolle* as to the others. In the case of *Layman* v. *Hendrix, supra*, the court says, of a similar verdict: ·

"If, however, a jury should return a joint verdict of guilty, against more than one defendant, and assess several damages, it is not such an irregularity as will necessarily avoid the verdict; it is optional with the plaintiff to have a *venire de novo*,

or to cure the irregularity by entering a *nolle prosequi* against all but one of the defendants, whom he may elect to charge with the damages assessed by the jury against that defendant." *Halsey* v. *Woodruff*, 9 Pick. 555, and *Beal* v. *Finch*, 11 N. Y. 128, are to the same effect. But the irregularity must be cured by election; otherwise no judgment can be rendered upon the verdict. And this was the point decided in *Hill* v. *Goodchild*, *supra.* Goodchild took judgments for the several damages assessed; against Hill for the amount assessed against him, and against Winsey for the amount found against him. The defendants sued out a writ of error. The court held that no such judgment could be entered upon the verdict.

The motion of the appellants Cook and Everroad for a *venire de novo* must be held to have put the appellee to his election. He did not elect, but took judgments for the several sums found. Upon the refusal or neglect of the appellee to elect to take judgment for one of the sums found by the jury, the motion for a *venire de novo* should have prevailed.

In the case of *Proprietors of the Kennebeck Purchase* v. *Boulton*, 4 Mass. 419, in which the plaintiffs charged the defendants with breaking their close and cutting down their trees, five of the defendants made default; the other defendants pleaded severally the general issue. Upon the trial the evidence showed that all the defendants were upon the premises at the same time, cutting down trees, and making them into shingles. It also appeared that the five defendants who were defaulted formed a company by themselves, cut down trees and made them into shingles for their own use, unconnected with the other defendants; that the Wards and Robinson formed another party, who cut down trees and made them into shingles for their own use, unconnected with the other defendants; and that Hammon, associated with another party, he being the only one of the party sued, cut down trees and made them into shingles for their own use, unconnected with the other parties.

The jury, under the direction of the Chief Justice, found

each of these parties severally guilty and assessed separate damages against each party for the trees cut by each. The question as to the correctness of the direction to the jury was reserved for the decision of the whole court. It was held that the finding of the jury was proper, and that judgments should be entered accordingly. PARSONS, C. J., says:

".When the trespass is found by the jury to be committed severally by the defendants, who plead severally, the damages ought to be severed; but if the trespass be joint, the damages must be jointly assessed, although the defendants plead severally. In the case at bar, it appears from the report of the judge, and from the verdict, that there were three distinct trespasses charged in the declaration, but that each trespass was jointly committed by some of the defendants only. The damages for each trespass were rightly assessed jointly against those of the defendants, who jointly committed it: and also the damages for the several trespasses were very properly severally assessed."

In the case of *Allen* v. *Wheatley,* 3 Blackf. 332, this court says: " There may, however, be cases of trespasses committed upon land and the like, where, if the trespassers are separately sued, or if they sever in their defence, the jury may find one guilty at one time and another guilty at another time, and several damages be assessed; or the jury may find some of them guilty as to part, and others not guilty as to part, and assess damages severally."'

Neither the case in 4 Mass., nor the language of this court quoted above, is in point. In .this case the appellants did not, as they did in the cases referred to, sever in their defence. Both paragraphs of the answer are joint. It does not appear from the verdict or the record that three distinct trespasses were charged in the complaint, but it does affirmatively appear from the record that but one conversion is charged, and but one conversion is found by the verdict.

In Kentucky and some other States it is provided by statute that damages in actions for torts may be separately as-

sessed, though the wrong was jointly committed, and that judgment may be entered accordingly. *Henry* v. *Sennett,* 3 B. Mon. 311.

The appellee insists that under section 41 of the code of 1852, 2 R. S. 1876, p. 51, the complaint in actions for torts is to be regarded as several, and that, therefore, the damages for a tort committed by several jointly may be severed. We think that under the code, as before its adoption, the complaint or declaration in actions for torts is to be regarded as several, and it was for this reason that at common law, though several were sued jointly, some might be found guilty and others not guilty. But it does not follow that under the code, any more than at common law, where two or more are found guilty of a joint wrong, the damages can be severed.

The counsel refer us to *Blodget* v. *Morris,* 14 N. Y. 482, and quote from it as follows:

" This provision," speaking of a provision in the N. Y. code substantially the same as section 41 of the code of 1852, " applies to all actions indiscriminately, whether founded upon contract or tort; and, as T understand its terms, it is immaterial whether the complaint alleges a joint liability only, or one which is both joint and several. The right of recovery is to be regulated in this respect by the proof, and not by the allegations in the complaint. In other words, every complaint against two or more defendants is to be treated as both joint and several." This statement as applied to actions for torts was always the law; the code, in this respect, works no change; and so the distinguished judge, whose language is quoted above, understood it, for he adds, immediately following the quotation and in connection with it, as follows:

" The object of the provision obviously is, to prevent a plaintiff who proves a good cause of action against part of the defendants, but not against the others, from being put to the delay and expense of a new action. It was not intended to change the law in any other respect; but simply applies to

actions upon contract the same rules which at common law were applied to actions for torts." By the rules of the common law, the damages for a tort committed by two or more jointly could not be severed. The code has not changed the law, says Judge SELDEN, in this respect.

We think the court below erred in refusing to award a *venire de novo.* As for this error the judgment must be reversed, it is not necessary to consider the other questions discussed by counsel.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be reversed, at the costs of the appellee.