Baltes *et al. v.* The Bass Foundry and Machine Works *et al.*

No. 11,342.

## BALTES ET AL. *v.* THE BASS FOUNDRY AND MACHINE WORKS ET AL.

ARBITRATION AND AWARD.—*Action for Work and Labor.—Counter-Claim for Fraud—Submission to Arbitration.—Award, Bar to Subsequent Action.*—In an action for work and labor and for material furnished in the construction of a building, the defendants pleaded a counter-claim claiming damages occasioned by the alleged fraud and misrepresentation of the plaintiffs in relation to the estimates of material and the cost of construction of such building. All matters in dispute in the action, matters of defence, counter-claims, etc., were submitted to arbitration, and a finding made by the arbitrators in favor of the defendant.

*Held*, that the award was a bar to any subsequent suit against the plaintiffs for the alleged fraud set up in the counter-claim.

SAME.—*Joint Tort Feasors.—Award Against One.—Effect of upon Others.*— The defendants, by setting up their claim for damages on account of the fraud complained of as a counter-claim against one of the alleged tort-feasors, and submitting the whole controversy to arbitration, thereby elected to rely upon such proceeding for their compensation, to the abandonment of the other tort-feasors.

SAME.—*Pleading.—Reply.—Demurrer.*—Where, in an action against such tort-feasors, the answers show that everything connected with the former action was submitted to arbitrators, and that their award covered the whole ground of the controversy, a reply is demurrable which does not dispute the fact that all demands, including that embraced in the counter-claim, were submitted to arbitration, but alleges simply that the arbitrators did not award the plaintiffs anything on that account.

SAME.—*Separation of Arbitrators.—Sufficiency of Reply.*—It appeared from the allegations of the reply that the three arbitrators considered the evidence, and that two of them found for the plaintiffs, and that one of them drew up an award, which was signed by both of said arbitrators, when they separated; that after the award had been signed and the separation taken place the two who had found for the plaintiffs procured an attorney to draw up another award in favor of the same party, and for the same amount, and without consultation with the other arbitrators signed this award and promulgated it.

*Held*, that the allegations of the reply are not sufficient to show a completion of the work of the arbitrators and a final separation after the first award; that the separation, so far as appears from the allegations, may have been only an adjournment to another time and place, or a mere temporary separation.

PRACTICE.—*Pleading. — Reply. — Demurrer. — General Denial. — Subsequent Withdrawal of.*—A reply which sets up only such facts as are admissible under the general denial already in is demurrable, and the subsequent withdrawal of the general denial will not render the ruling sustaining the demurrer available error.

From the Allen Superior Court.

*L. M. Ninde,* for appellants.

—— *Coombs, R. C. Bell* and *S. L. Morris,* for appellees.

MILLER, J.—This was an action by the appellants against the appellees, the Bass Foundry and Machine Works, John H. Bass and Harris M. Lund, jointly, for damages occasioned by their alleged fraud and misrepresentation in relation to the estimates of material and the cost of construction of a penitentiary in the State of Illinois, by which the plaintiffs, who relied upon the estimates and representation, contracted for the construction of the building, and were damaged in a large sum of money.

The defendants answered, jointly, the general denial. They also severally filed answers substantially alike, and in substance as follows:

That before the commencement of this suit said Bass Foundry and Machine Works had commenced a suit against the said plaintiffs for work and labor done and performed, material furnished, and money laid out and expended in the construction of said building, under and pursuant to a contract with the plaintiffs, aggregating the sum of $50,000.

That said Baltes and Nelson appeared to said action and pleaded, among other things, a counter-claim, alleging and setting up the identical same causes of action and matters alleged in the complaint in this action, and claiming damages in the sum of $55,000 ; that such proceedings were had in said action as that the parties to said suit agreed to arbitrate all matters in dispute therein, and by their written submission, after reciting the pendency of said action and the pleadings therein, it was agreed between them that all said differ-

o

ences, and all matters involved in said suit, and all the causes of action, matters of defence, counter-claims, payments, set-offs, and all other grounds of defence and causes of action, and claims of every kind and nature, legal and equitable, set forth in defendants' answer, counter-claim, etc., were referred and submitted to Stephen B. Bond, Frederick Beach, and Charles McCulloch, for trial, decision and determination, as arbitrators, who, or a majority of them, were to make a written report, finding, and award, upon all matters submitted to them ; that the parties would severally stand to, perform and abide by their award ; that said arbitrators took upon themselves the burden of said arbitration, met, heard all the evidence adduced, and having considered all the subject-matters referred and submitted to them, the said Bond and McCulloch, two of the arbitrators, did, at the proper time, make their award in writing of the matters submitted to them, by which they found that said Bass Foundry and Machine Works should pay to said Baltes and Nelson the sum of $223.74 in full settlement of all the matters so referred and submitted to them ; that duplicate copies were, on said day, delivered to said Baltes and Nelson, and to the said corporation ; that immediately thereafter the amount of said award was tendered to said Baltes and Nelson, which they refused to receive, and that tender has been kept good ever since, and is now brought into court for them.

The answers contain some other allegations of a negative character that need not be referred to or set out.

Demurrers were overruled to each of these paragraphs of answer, and these rulings are assigned as error.

The appellants, in their brief, point out no objections to the sufficiency of the separate answer of the corporation, but earnestly contend that the answers of Bass and Lund are fatally defective, for the reason that they were not parties to the arbitration or the suit in which the arbitration was had.

The appellees, on the other hand, contend that the arbitration and award pleaded by them constitute a complete bar to the appellants' right of action :

*First.* Because they operate to release the Bass Foundry and Machine Works, one of the alleged joint tort-feasors, and thereby release the others.

*Second.* Because appellants have thereby received full satisfaction of the several claims sued for in this action.

The law is well settled that the joint act of several trespassers forms but one injury, and that injury requires but one compensation, and each of the joint trespassers is liable for the whole wrong committed, and if the injured party receives satisfaction from one, it absolves all the others; also an accord and satisfaction with one, or a release to one, discharges all the others.    *Allen* v. *Wheatley*, 3 Blackf. 332 ; *Johnson* v. *Vutrick*, 14 Ind. 216 ; *Fleming* v. *McDonald*, 50 Ind. 278 ; *Everroad* v. *Gabbert*, 83 Ind. 489.

The liability of tort-feasors is several, and an action may be had against all or any, or each may be sued separately, and the actions prosecuted to final judgment, but then the plaintiff must elect against whom he will take execution.    A. final judgment and an execution, or an order for an execution, against one of several joint trespassers is a discharge of all the others.    *Allen* v. *Wheatley; supra ; Fleming* v. *McDonald, supra ; American Express Co.* v. *Patterson,* 73 Ind. 430.

In Cooley Torts, pp. 137, 139, it is said : " The second, or even a subsequent, suit may proceed until a stage has been reached in some one of them at which the plaintiff is deemed in law to have received satisfaction, or to have elected to rely upon one proceeding for his remedy to the abandonment of the others.   *  *   It is to be observed in respect to the point above considered, where the bar accrues in favor of some of the wrong-doers by reason of what has been received from or done in respect to one or more others, that the bar arises not from any particular form that the proceeding assumes, but from the fact that the injured party has

actually received satisfaction, or what in law is deemed the equivalent." See, also, *First Nat'l Bank* v. *Indianapolis, etc., Co.,* 45 Ind. 5.

Slight acts are sufficient to indicate an election on the part of an injured party who has obtained several judgments against the tort-feasors to look to one of them for satisfaction, such as obtaining execution, or even entering an order for an execution on one of the judgments. In England the simple act of bringing suit separately against one of the parties is held to be a conclusive election to look to him for satisfaction.

As between the appellants and the Bass Foundry and Machine Works, the submission of the cause of action set up in the counter-claim to arbitration and the award thereon is a complete bar to any subsequent suit, and this without any performance or satisfaction of the award. *Terre Haute, etc., R. R. Co.* v. *Harris,* 126 Ind. 7; *Walters* v. *Hutchins,* 29 Ind. 136; 2 Black Judg., section 688. The cause of action so pleaded as a counter-claim, and submitted to arbitration, being one entire indivisible wrong, the appellants could not split it up and use a part of it in that action as a defence, and the residue in this one. *Wright* v. *Anderson,* 117 Ind. 349; 2 Black Judg., section 738.

The appellees Bass and Lund, not being parties to the former action, would not have been affected by a judgment rendered thereon had the cause proceeded in the regular way. *Jones* v. *Vert,* 121 Ind. 140; and the award is in no way more effective against them than a judgment would have been.

If the appellants, Baltes and Nelson, are at all affected by the result of the former litigation, it must be upon the theory that they are deemed in law to have received satisfaction, or to have elected to rely upon their counter-claim against the Bass Foundry and Machine Works, to the abandonment of the others, and not upon the doctrine of *res judicata* applicable alone to parties and privies in person or estate.

The authorities clearly establish the proposition that the appellants might have sued each of the appellees separately, and that a former judgment in favor of one of the defendants in such action would have been no bar in favor of the other defendants. The complication in this case arises out of the fact that the former action, set up in the answer, was connected with other causes of action, and that all the causes of action and defences were merged in one award.

The answers expressly charge that the award returned was in full settlement of all matters submitted to the arbitrators, which, of course, included the cause of action now in suit; and the presumption is that the arbitrators gave due consideration to all the causes of action mentioned in that action which were submitted to them, and that in the discharge of their sworn duty they gave the appellants the benefit of all they were entitled to recover on their counter-claim, and that the amount of such recovery not only enters into the $223.74 awarded them, but also in reduction of whatever sum the plaintiffs in that action might otherwise have received of them.

We are of the opinion that when the appellants set up their claim for damages on account of the injuries complained of, as a counter-claim against one of the alleged tort-feasors, and blended the same with other cross-actions, as a defence to a pending action, and submitted the whole controversy to arbitration, they thereby elected to rely upon such proceeding for their compensation, to the abandonment of the other tort-feasors.

The court did not err in overruling demurrers to the answers.

The plaintiffs replied to these answers : *First.* By a general denial ; and,

*Second.* That as to the separate answers of Bass and Lund, the arbitrators did not find or award any sum to the plaintiffs on account of the matters set up in their complaint, nor did they, in making up their award, reduce the claim of the

Bass Foundry and Machine Works for or on account, or by reason of the counter-claim, but that they based their finding solely upon the pleas of payment and set-off.

*Third.* That after the arbitrators had heard the evidence, the said Bond and McCulloch found for the plaintiffs in the sum named in the award, which award was drawn up and signed by them, and thereupon the arbitrators separated; that afterward Bond and. McCulloch procured the attorney of the Bass Foundry and Machine Works to draw up another award, which was then signed by them in the absence of the other arbitrator, without his knowledge or consent, and that the latter award was the only one delivered to the parties.

Demurrers were sustained to the affirmative paragraphs of reply, and afterwards the general denial was withdrawn and judgment for the defendants rendered for want of a reply.

The facts provable under the second paragraph were admissible under the general denial, and, therefore, the ruling of the court, being correct at the time it was made, did not become erroneous because of the subsequent withdrawal of the general denial. *Cincinnati, etc., R. W. Co.* v. *Smith,* 127 Ind. 461; *Kidwell* v. *Kidwell,* 84 Ind. 224.

We have, however, examined the paragraph of reply and are of the opinion that it does not state facts sufficient to withstand the demurrer.

The answers to which it was addressed show that everything connected with the then pending action was submitted to the arbitrators, and that their award covered the whole ground of the controversy. The reply does not dispute the fact that all demands, including that embraced in the counter-claim, were submitted to and considered by them, but simply that they did not award the plaintiff anything on that account. Under such circumstances it was not competent to inquire into the reasons or methods by which the award was made up, or to insist that it did not include all the causes of action and disputes submitted to them. *Stipp* v. *Washington Hall Co.,* 5 Blackf. 473; *Gardener* v. *Oden,* 24 Miss.

382; *Anon.,* 3 Atk. 644; *Johnson* v. *Durant,* 4 C. & P. 327; 1 Wharton Ev., section 599.

The ruling of the court upon the demurrer to the third paragraph of reply presents a question of some difficulty, owing to the meager statement of facts with reference to the nature of the separation of the arbitrators.

It seems, from the allegations of the reply, that the evidence was submitted to all three of the arbitrators, and that two of them, Bond and McCulloch, found for the plaintiffs, and that one of them drew up an award and the same was signed by both of said arbitrators, and that thereupon said arbitrators separated. The nature of the separation does not appear; for all that is alleged it may have consisted in the withdrawal of the third arbitrator, who seems not to have united with the others in the finding; or it may have been an adjournment to another time and place, or a mere temporary separation. It also alleges that after the award had been signed and the separation taken place, Bond and McCulloch procured an attorney to draw up another award in favor of the same party and for the same amount, and without consultation with the other arbitrator signed this award and promulgated the same.

We are not informed of the reasons or circumstances causing the absence of the other arbitrator, but the inference is that it was because he was not assenting to the finding. Construing this pleading as we are required to do, against the pleader, we have concluded that it is not sufficient to invalidate the award. The law unquestionably is that when arbitrators complete their work and *finally* separate, their duties and powers are at an end. What we hold is that the allegations of the reply are not sufficient to bring this case within that rule.

Judgment affirmed.

Filed Sept. 19, 1891.