The Westfield Gas and Milling Company *et al. v.* Abernathy.

No. 832.

## The Westfield Gas and Milling Company et al. *v.* Abernathy.

VERDICT.—*Action in Tort.— When Verdict must be General.— When Damages can not be Apportioned.—Joint or Several Tort-Feasors.— Gravel Road.*—In an action against a gravel road company and several other defendants, for personal injuries sustained by reason of plaintiff's horse becoming frightened on the road and precipitating plaintiff and his horse into an open ditch close to the beaten track of the highway, charging defendants with having negligently left said ditch open and unguarded for an unreasonable length of time, and where the duties of the defendants as to the care to be exercised in relation to the ditch are *several* and *not joint,* but such neglect results in but a single injury, the verdict of the jury must be general against all of the defendants found guilty, and the verdict can not apportion the damages among the defendants found guilty.

SAME.— *When Amounts to Acquittal of Part of Defendants.*—In such case, where the verdict of the jury is against but two of the defendants, it is equivalent to a finding in favor of the other defendants.

JUDGMENT.—*Arrest of.— When Motion for Will Lie.— Verdict Against Part Only of Defendants.—Motion to Modify.— Venire de Novo.—* Where a verdict does not find against all the defendants in the action, and the court is proceeding to render judgment against all, the defendants against whom there is no finding may move in arrest of judgment as to them, there being an intrinsic cause appearing on the face of the record which shows that some of the defendants were entitled to such relief because there was no verdict against them. Other, and perhaps more appropriate, remedies would be by motion for judgment in their favor, motion to modify, or for *venire de novo.*

From the Hamilton Circuit Court.

*T. J. Kane, T. P. Davis* and *W. Garver,* for appellants.

*J. A. Roberts, W. Fertig* and *H. J. Alexander,* for appellee.

LOTZ, J.—The complaint in this case, in some respects, is a peculiar one. Its sufficiency is not questioned in this court.

We call attention to its averments for the purpose of aiding in the interpretation of the verdict rendered upon it.

Omitting the formal parts it is as follows:

"The plaintiff, for his amended complaint in said cause, says that the defendant, the Noblesville and Eagletown Gravel Road Company, was, on the second day of January, 1889, and had been continuously for the several years last past, owning, controlling, and operating a turnpike or gravel road, leading from the town of Noblesville to the town of Westfield, in said county of Hamilton, in the State of Indiana; that during the month of December, in the year 1888, the defendants negligently constructed and excavated an open ditch nearly two feet in depth and fifteen inches in width, and more than one mile in length, along and in said gravel road and near the beaten track in said road, and running said distance, nearly parallel with said beaten track; that the defendants carelessly and negligently permitted said ditch to remain open and unguarded for an unreasonable length of time next before and at the time of the happening of the injury herein complained of; that on the said second day of January, 1889, the plaintiff was traveling over and along said gravel road in a buggy; that the horse attached to the buggy, although of a gentle disposition, without any fault or negligence on the part of the plaintiff or the driver of said horse, became frightened, and shied from the beaten track in said road; that while endeavoring to keep said horse from overturning the buggy, and without any fault or negligence on the part of the plaintiff, plaintiff and said horse were precipitated into and over said ditch, whereby plaintiff's shoulder was dislocated, and he was severely and permanently injured, and has since said time suffered much pain and anguish from said injury; that said injury oc-

curred by reason of said ditch being so constructed in said highway, and being open and unguarded.''

The defendant, the Noblesville and Eagletown Gravel Road Company, filed an answer of general denial. All the other defendants joined in an answer of general denial. The cause was submitted to a jury for trial, and a verdict returned in favor of the plaintiff, in the words and figures following, to wit:

''We, the jury, find for the plaintiff, and assess his damages at fifteen hundred dollars ($1,500); the Westfield Gas and Milling Company to pay nine hundred dollars ($900), and the Noblesville and Eagletown Gravel Road Company to pay six hundred dollars ($600).

''WILLIAM HOLLAND, Foreman.''

The plaintiff moved for a judgment in his favor for $1,500 on the verdict, and against all of the defendants. Pending a ruling on this motion, the defendants, except the Gravel Road Company, filed a joint and several motion for a new trial. This motion was overruled. The Westfield Gas and Milling Company then separately moved the court in arrest of judgment. This motion was overruled. The defendants, William G. Pierce, John D. Edwards, Mahlon Perry, Aaron Harris, John L. Moore, Nathan E. Mills, Arlington L. Benford, and Orpheus E. Talbert, then jointly and severally moved the court in arrest of judgment against them. This motion was overruled. The Westfield Gas and Milling Company separately moved the court in arrest of judgment, except as to $900 and costs, and this motion was overruled. The defendant, the Gravel Road Company, then separately moved the court for a new trial, which motion was overruled. The court then sustained the plaintiff's motion for judgment on the verdict, and rendered judgment against all the defendants in the sum of $1,-500. The appellants excepted to these various adverse

rulings, and have assigned each of them as error in this court.  No motion for a *venire de novo* or to modify the judgment was made.

The verdict above set out is a general one.  A general verdict, when perfect, covers all the issues in the case. It becomes important to ascertain what issues were joined by the pleadings, which the jury was required to determine.

There are two acts stated in the complaint, which are charged to have been negligently done by the defendants, (1) "constructed and excavated an open ditch, near two feet in depth, and fifteen inches in width, and more than one mile in length, along in said gravel road, and near the beaten track in said road," and (2) "permitted said ditch to remain open and unguarded for an unreasonable length of time."

A highway is a way open to the use of all the people of the State.  The right to preclude the citizens of the State from traveling thereon, unless they comply with certain conditions, is a high privilege, and can not be exercised without assuming corresponding obligations. "The consideration for the right to exact toll, is the undertaking of the owner of the road to maintain it in a reasonably safe and convenient condition for travel." Elliott Roads and Sts., 68.

If the owner of such road create an unauthorized obstruction or excavation therein, or knowingly permit the same to be done, or fail to remove the same after notice thereof, or if any person, without authority, create or make such obstruction, he is liable to the traveler who sustains an injury resulting therefrom, when without fault.  In such cases, it is not a question of negligence, but the wrong consists in creating or continuing a nuisance.  And the same is true of such an excavation made so near a highway as to render it dangerous to the trav-

eler.  *Irvine* v. *Wood*, 51 N. Y. 224; Wood on Nuisances, section 266.

The liability, in such instances, does not spring from the manner in which the obstruction is made or guarded, but from its noxious character.  But every excavation made in or near a street or highway is not a nuisance. They are often lawfully made.  When lawfully made and properly guarded no action will lie for an injury resulting.  The duty of a corporation, which owns and controls a toll road, to keep it reasonably safe for those who travel thereon, is one imposed upon it by law, and it is liable to the traveler who is injured without his fault, whether the defect or excavation was made with or without its consent, or whether such excavation is in or so near its line as to render it dangerous to the traveler.  It is sufficient to charge the company with liability, if it had notice of such defect, or if the defect has existed such a length of time, as by the exercise of diligence, it could have known of it.  Moak's Underhill on Torts, 230; *City of Delphi* v. *Lowery, Admx.*, 74 Ind. 520; *City of Crawfordsville* v. *Smith*, 79 Ind. 308.

It is also the law that persons who lawfully make excavations within or near the line of a highway and leave them unguarded, are liable for an injury resulting to a person who is without fault.  *Noblesville Gas and Imp. Co.* v. *Teter*, 1 Ind. App. 322; *Graves* v. *Thomas*, 95 Ind. 361; Wood on Nuisances (2d ed.), section 266; *City of Indianapolis* v. *Emmelman*, 108 Ind. 530; *Stratton* v. *Staples*, 59 Me. 94; *Barnes* v. *Ward*, 9 C. B. (Manning) 392; *Bishop* v. *Trustees, etc.*, 29 L. J., Q. B. 53.

The complaint charges that the ditch was negligently constructed.  Negligence is always unlawful; but, as an excavation may be lawful, the word negligence, as here used, relates to the manner in which the excavation was made, and not to the excavation itself.  A lawful exca-

vation, properly guarded, can give rise to no cause of action; but improperly or negligently guarded, and an action may arise. The evident purpose of the pleader here is to charge that the actionable negligence consisted in carelessly permitting the ditch to remain open and unguarded for an unreasonable length of time. We have alluded to these principles for the purpose of calling attention to the *gravamen* of the complaint. As the law imposed the duty upon all persons who were instrumental in making the excavation, to securely guard it and protect the traveler against injury, it is this duty that the complaint charges the defendants with having violated, and this is the gist of the action.

What is said in the complaint with reference to the construction of the ditch, is matter of inducement, merely introductory to the essential grounds of the complaint. The legal duty of guarding the excavation rested upon the defendants, either severally or jointly. The negligent act charged against the defendants, and which constitutes the cause of action, is one of omission, and not of commission. It is true that the act is a tort, but not of the aggravated kind. It is within the sphere of the law to attach the kind of liability to a given act. The law may say of the liability that it shall be joint or several, or joint and several, but the law can not make a fact. When an act is jointly done by two or more persons, volition, intention and concurrence of the minds of the actors are necessary concomitants. Persons who have jointly committed one and the same wrong, may be sued jointly or severally, and whether sued jointly or severally, their liability is always several.

"The action may be against all or any number of them. Separate actions may be prosecuted at the same time against the respective parties charged with the same wrong, and separate verdicts and judgments taken against

them, whether for the same or different amounts, though the plaintiff can have but one satisfaction; but whether the judgment be joint or several, there is no right of contribution which can be enforced as between the defendants." *American Express Co.* v. *Patterson,* 73 Ind. 430; *Livingstone* v. *Bishop,* 1 Johns. *290; *Fisher* v. *Cook,* 17 N. E. Rep. 763; *Baltes* v. *Bass, etc., Works,* 129 Ind. 185 (188); *Fleming* v. *McDonald,* 50 Ind. 278.

There are some exceptions to these general rules. There are cases where, although the law holds all the parties liable as wrongdoers to the injured party, yet, as between themselves, some of them may not be wrongdoers at all, and they may compel the other wrongdoers to respond for all the damages. There are many cases where the wrong is unintentional, or where the party, by reason of some relation, is made chargeable with the conduct of others; as, for instance, where a servant, at the command of the master, commits a tort, there is a liability over in favor of the servant against the master; or, if the master has been compelled to pay for the willful misconduct of his servant, he may have recourse against his servant. Cooley Torts, 166; Pollock Torts, 171.

There is a marked distinction between the tort and the liability arising from the tort. The liability as between the plaintiff and the defendants is always several, but the wrong itself may be jointly done, or severally done, by the defendants. If it be jointly done, the defendants are joint tort-feasors. If it be severally done, that is, without any concert of action between them, they are several tort-feasors. "When the suit is against several joint wrongdoers, the judgment must be for a single sum against all the parties found responsible." Cooley Torts, p. 136; *Everroad* v. *Gabbert,* 83 Ind. 489.

If a joint verdict of guilty be returned against more than one defendant, and several damages be assessed

against them, the plaintiff may, if the tort be a joint one, cure the irregularity by entering a *nolle prosequi* against all but the one whom he may elect to charge with the damages assessed by the jury against such defendant. *Lyman* v. *Hendrix*, 1 Ala. 212; *Beal* v. *Finch*, 11 N. Y. 128; *Halsey* v. *Woodruff*, 9 Pick. 555; *Everroad* v. *Gabbert, supra.*

But if more than one tort be charged in the same suit against several defendants, and the defendants plead severally, the jury may assess the damages for each tort jointly against those defendants who jointly committed it. *Proprietors, etc.,* v. *Bolton*, 4 Mass. 419; *Allen* v. *Wheatley*, 3 Blackf. 332.

When a person neglects those conventional duties which the law imposes upon him, he is liable for the injury resulting. So, if the same duty rests upon several persons, and they all neglect it, they are all liable. The character of the tort, whether joint or several, may exert a controlling influence in interpreting the verdict rendered. As the plaintiff in this action has sustained but one injury, he is entitled to but one satisfaction. Where the separate and independent acts of negligence of two parties are the direct causes of a single injury, and it is not possible to determine in what proportion each contributed thereto, either is responsible for the injury. *Slater* v. *Mersereau*, 64 N. Y. 138.

As between the defendants, there may be a right of contribution depending upon their relations towards each other. Is the tort declared on in the complaint the joint tort of all the defendants or the separate tort of each?

In *Furguson* v. *Earl of Kinnoull*, 9 Cl. and F. 251, it was held that if several are jointly bound to perform a duty cast upon them by the law, they are liable jointly and severally. In that case, however, the duty enjoined was one that could only be performed by a majority of

the presbyters of a certain church, and as the act was one that required the coöperation of a majority of the presbyters to perform it, the refusal to perform the act also could only be brought about by the coöperation of a majority. The duty, in such case, was held to be a joint duty.

In *City of Detroit* v. *Chaffee*, 37 N. W. Rep. 882, it appeared that it was the duty of a lot-owner to repair the sidewalk in front of the lot, and in case of his default, it was the duty of the city to make such repairs. Both neglected the duty. The court said: "The parties are not joint tort-feasors. There was a duty resting upon both with respect to the same thing, but it was a separate duty imposed on each, and not joint. The neglect was likewise the separate neglect of each, and not the joint neglect of both."

*Bretherton* v. *Wood*, 6 Moore, 141, was an action to recover damages for personal injuries sustained. It appeared that ten persons owned a stage coach, and that while the plaintiff was being carried as a passenger thereon, the coach was overturned by the negligence of the driver and the plaintiff injured. The action was brought against all of the owners. The jury found two of the defendants not guilty, and the other defendants guilty, and assessed damages against them. The court held the action to be founded in tort, a breach of that duty imposed by law, to safely and securely carry the plaintiff so that no damage or injury happen him by default or negligence, and that from the nature of the case such duty was several and not joint, and might be maintained against one or all of those against whom it was brought, and that a judgment might be rendered against those found guilty and in favor of those found not guilty.

The breach of duty in failing to properly guard the ex-

cavation charged against the defendants, in the case in hearing, is the separate tort of each defendant, and not the joint tort of all. The verdict of the jury must be construed in the light of this fact. The plaintiff sustained but one injury. That injury resulted from a violation of a legal duty, which duty rested upon the defendants severally. He sued them jointly for their several torts, as he might lawfully do, when such torts produced but a single injury. The liability being several, may the jury apportion the damages among the several tortfeasors? We have seen that the jury may apportion the damages when there are separate torts from which separate injuries flow.

But here the damages are not divisible, and the whole must be assessed against all the defendants found guilty. If a separate injury flowed from the separate tort of each defendant, then there might have been a separate verdict and judgment against each defendant. But here a single injury was sustained. The jury, by their verdict, assessed the whole damages at $1,500. It then undertook to apportion this amount between two of the defendants. This it could not do. *Currier* v. *Swan*, 63 Me. 323.

But this apportionment demonstrates the intention of the jury. Damages in some amount is of the essence of a verdict or finding in favor of the plaintiff. As the whole of the damages was apportioned to only two of the defendants, it must have been the intention of the jury that the other defendants should pay no part thereof, and the verdict as to them is equivalent to a finding in their favor. When four persons are sued in trespass, a finding of guilty as to three, without naming the fourth, is equivalent to a finding of not guilty as to the fourth. *Wilderman* v. *Sandusky*, 15 Ill. 59.

A failure to find upon any material fact in issue is

equivalent to a finding against the party upon whom the burden rests to establish such facts. *Brazil, etc., Coal Co.* v. *Hoodlet,* 129 Ind. 327.

A verdict, no matter how informal, is good if the court can understand it. It is not to be avoided except from necessity. It should have a reasonable intendment, and should have a reasonable construction. It should not be disregarded on account of technical defects, if rendered upon substantial issues of fact, presented by the pleadings. *Clark* v. *Clark,* 132 Ind. 25; *Daniels* v. *McGinnis, Admr.,* 97 Ind. 549.

Our construction of the verdict is that it is a finding against the Westfield Gas and Milling Company and the Noblesville and Eagletown Gravel Road Company, in the sum of $1,500, and that it is a finding of not guilty or in favor of the other defendants.

The appellee contends that a motion in arrest of judgment, will not reach a defect in the verdict; that, if the appellants wished to avail themselves of any irregularity in the verdict or judgment, they should have moved for a *venire de novo* or to modify the judgment. A motion in arrest of judgment arises from intrinsic causes appearing on the face of the record. It is not confined to the pleadings, but may reach a defective verdict. 3 Bl. Com., 393; 2 Tidd Prac., 918; 3 Stephens Com., 628; Buskirk's Prac., 264; *Boor, Admr.,* v. *Lowrey,* 103 Ind. 468.

If there was no verdict against any one of the appellants, the better practice would have been for such one to move for a judgment in his favor; or, if a judgment had been entered, to move to modify it. But as neither of these motions was made the question is, can such defendant reach the defect in the verdict by a motion in arrest when the court is proceeding to render judgment, and point out the fact that there was no verdict against

him? We think there is an intrinsic cause appearing on the face of the record which shows that some of the appellants were entitled to have the judgment arrested because there was no verdict against them. This may not be the best way, but it is one way of reaching the defect. By it the attention of the court is called to the fact that there is no verdict against certain defendants. When the court is apprised of such fact, no matter by what means, it is its duty to prevent a judgment from being rendered against a party in whose favor a finding has been made. So, to hold otherwise is to deny the court the power to do justice in such a case.

In an action sounding in tort, where the general issue only is pleaded, the verdict is either guilty or not guilty. In such cases a motion for a *venire de novo* will not lie.

On the trial the appellants excepted to certain instructions given by the court on its own motion, and excepted to the refusal of the court to give certain instructions asked by them. The undisputed facts of the case are, that the excavation was unguarded; that the appellee was in a buggy drawn by a gentle horse; the horse became frightened at some object, either in or near the road, and suddenly shied to the right and fell into the ditch; the appellee took hold of the bridle near the head, to assist the horse in getting out. The horse floundered, and, in a sudden wrench, appellee's shoulder was dislocated and seriously injured.

There was no evidence that the appellee acted heedlessly or recklessly. Under such circumstances, a recovery against some of the defendants was inevitable. We do not think there was any error in giving, or refusing to give, the instructions complained of. The court should have sustained the motion of the individual appellants in arrest of judgment. The other motions in arrest were properly overruled.

Judgment reversed as to William G. Pierce, John D. Edwards, Mahlon Perry, Aaron Harris, John L. Moore, Nathan E. Mills, Arlington L. Benford, and Orpheus L. Talbert, with instructions to sustain their motion in arrest of judgment.

The judgment below is affirmed as to the appellants, the Westfield Gas and Milling Company and the Noblesville and Eagletown Gravel Road Company, with costs.

Ross, J., dissents.

DAVIS, J., does not participate.

