MAY TERM, 1907. 311

Indianapolis Traction, etc., Co. *v.* Holtzclaw—40 Ind. App. 311.

## INDIANAPOLIS TRACTION & TERMINAL COMPANY. *v.* HOLTZCLAW.

[No. 6,001. Filed October 8, 1907.]

1. JUDGMENT.—*Joint Tort-feasors.—Action.—Torts.*—A plaintiff who sues tort-feasors jointly is entitled to but one judgment; and the taking of judgment against one of such defendants is final as to all parties. p. 312.

2. ACTION.—*Torts.—Joint Tort-feasors.—Judgment.*—A separate action can be prosecuted to judgment against each joint tort-feasor; but a joint action can sustain but one judgment, whether it lie against one or all of the defendants. p. 312.

3. APPEAL. — *Vacation. — Coparties. — Joint Tort-feasors.*—Where judgment is taken against one of several joint tort-feasors, but no judgment is taken as to the others, it is not necessary in a vacation appeal, taken by the one against whom judgment was rendered, to serve notice on such other defendants. p. 314.

From Superior Court of Marion County (66,555) ; *James M. Leathers,* Judge.

Action by Newton Holtzclaw against the Indianapolis Traction & Terminal Company and another. From a judgment for plaintiff for $5,000 against said company, it appeals. On motion to dismiss appeal. *Motion overruled.* (For decision on merits, see 41 Ind. App. ——.)

*F. Winter* and *W. H. Latta,* for appellant.
*Cassius C. Hadley,* for appellee.

RABB, J.—Appellee · sued the appellant and the Central Union Telephone Company to recover damages for injuries alleged to have been received by appellee through the negligence of appellant and said telephone company. The case was put at issue, submitted to a jury for trial, which returned a verdict in favor of the appellee against appellant, and in favor of the telephone company against the appellee. Motion for a new trial was filed by the appellant, and pending the motion the cause was continued, and at the next term the appellant's motion for a new trial was overruled, and judgment rendered against it on the verdict of

312    APPELLATE COURT OF INDIANA,

Indianapolis Traction, etc., Co. *v.* Holtzclaw—40 Ind. App. 311.

the jury. Appellant prayed an appeal, which was granted but not perfected in term time, the transcript duly filed in this court, and errors properly assigned. No motion for a new trial was made by the appellee against the telephone company. No judgment was rendered in its favor on the verdict of the jury, and no further steps taken either by the telephone company or the appellee, so far as the transcript of the record discloses.

The appellee moves to dismiss this appeal, for the reason that the judgment appealed from is not a final judgment in the case from which an appeal may be taken, in that the case remains undisposed of as to the telephone company, and for the further reason that the telephone company is not made a party to the appeal. Appellee's action was for a single injury. It sounded in tort, and in actions of this character the appellee may sue the tort-feasors separately, and may have separate judgments, or he may sue them jointly, at his election. When he elects to sue tort-feasors jointly, he is limited to one recovery. He cannot have separate judgments in such case against the several tort-feasors. *Everroad* v. *Gabbert* (1882), 83 Ind. 489, and cases cited; *Ashcraft* v. *Knoblock* (1896), 146 Ind. 169, and cases cited.

In this case the appellee chose to join the appellant and the telephone company as defendants to his action. He could have but one recovery in the case. He has taken judgment against the appellant. His election so to do was a waiver of all further right of action against the telephone company. The judgment was a final termination of the case. The appellee could no more prosecute his action against the telephone company while the judgment against the appellant stands, than could the appellant ignore the judgment and still urge defenses against the action; and the same result would follow had the verdict of the jury been against the telephone company, instead of in its favor.

The one judgment finally disposed of all the matter in controversy.

In the case of *Everroad* v. *Gabbert, supra,* the action was in trespass against several defendants. The jury returned a verdict in favor of the plaintiff against all the defendants, but assessed separate damages against the several defendants. The defendants moved for a *venire de novo* because of the defectiveness of the verdict. Their motion was overruled, and final judgment rendered on the verdict against the defendants severally for the sums found to be due from each of them by the verdict. The court say, in passing upon the case: "The verdict in the case in hearing is clearly irregular. The appellee might have cured the irregularity by electing to take judgment against two of the defendants for either sum, and entering a *nolle* as to the others." The court in that case quotes with approval from 1 Cooley, Torts (Lewis's ed.), *157: "When the suit' is against several joint wrongdoers, the judgment must be for a single sum against all the parties found responsible." Also, from 2 Hilliard, Torts (4th ed.), 267: "The principle of severance, however, is held not to apply to the award of damages, although all the defendants may not be equally culpable." The court further says: "The motion of the appellants Cook and Everroad for a *venire de novo* must be held to have put the appellee to his election. He did not elect, but took judgments for the several sums found. Upon the refusal or neglect of the appellee to elect to take judgment for one of the sums found by the jury, the motion for a *venire de novo* should have prevailed."

In the case of *Ashcraft* v. *Knoblock, supra,* Ashcraft, the appellant, had sued Knoblock, Weaver and Hogan jointly for trespass. Damages had been awarded and judgment rendered in the case for one sum against Knoblock, and for another sum against Weaver and Hogan, upon the find-

314     APPELLATE COURT OF INDIANA,

Indianapolis Traction, etc., Co. *v.* Holtzclaw—40 Ind. App. 311.

ing that said three defendants were guilty of a joint trespass. Weaver and Hogan paid the judgment rendered against them. Knoblock brought suit to enjoin the collection of the judgment against him. The court sustained the action, holding that the payment by Hogan and Weaver of the judgment against them satisfied the entire judgment; that by accepting payment by Weaver and Hogan appellant elected to waive the liability of Knoblock, quoting with approval the case of *Everroad* v. *Gabbert, supra.*

In the case of *Alexander* v. *Gill* (1892), 130 Ind. 485, the appellee brought an action of trespass against a number of defendants, among others Frederick Rowe. There was a trial and a judgment in favor of Gill against all of the parties defendant except Rowe. The defendants against whom judgment was rendered appealed to the Supreme Court, and, on motion to dismiss, it was contended that the cause should be dismissed on account of the fact that Rowe did not join in the appeal, and had no notice of the appeal served on him. The court overruled the motion, holding that Rowe was not a necessary party, that there was no judgment rendered against him, and that he had no interest in the appeal.

There is no merit in the insistence of appellee that the cause should be dismissed for the failure to join the telephone company as a party to the appeal, either as appellant or appellee. The telephone company was not a party to the judgment—not affected by it in any way. It was entitled to judgment in its favor against the appellee, and could have such judgment at any time on proper motion.

In Elliott, App. Proc., §141, it is said: "Where two persons are sued as wrongdoers in a case where the wrong is several, and judgment goes against one of them and in favor of the other, there is ordinarily no conceivable reason why the unsuccessful defendant should give notice to the fortunate one, since it is clear the latter can in nowise be af-

fected by the appeal." *Koons* v. *Mellett* (1890), 121 Ind. 585; *Wilson* v. *Stewart* (1878), 63 Ind. 294; *Logan* v. *Logan* (1881), 77 Ind.. 558; *Easter* v. *Severin* (1881), 78 Ind. 540; *Hogan* v. *Robinson* (1884), 94 Ind. 138; *Kline* v. *Hagey* (1907), 169 Ind. —; *Alexander* v. *Gill, supra; Anderson Glass Co.* v. *Brakeman* (1898), 20 Ind. App. 226.

Appellee's motion to dismiss the appeal overruled. Hadley, J., not participating.