FLETCHER SAVINGS & TRUST COMPANY ET AL. *v.*
NATIONAL SURETY COMPANY.

[No. 14,955. Filed November 7, 1935.]

*Samuel D. Miller, Sidney S. Miller* and *George R. Jeffrey,* for appellants.

*Romney L. Willson* and *Russell Willson,* for appellee.

KIME, J.—The appellants brought this suit against the appellee to recover upon a surety bond issued by the appellee by the terms of which the surety agreed to indemnify the German Investment & Security Company against loss "not exceeding twenty thousand ($20,-000.00) dollars, of any money or other personal property (including money or other personal property for which the Employer is responsible) through the fraud, dishonesty, forgery, theft, embezzlement, or wrongful abstraction of George Seidensticker, hereinafter called the Employee, directly or in connivance with others, while the Employee is engaged in the services of the Employer, while this bond is in force."

To the amended complaint there were filed by the appellee two paragraphs of answer which constitute the basis of the appeal here. To these two paragraphs of answer appellants addressed demurrers, which demurrers were overruled. Exceptions were duly taken, following which there was a refusal to plead further, and judgment was rendered for the appellee for costs. The error assigned is the action of the court in overruling these two demurrers.

The third paragraph of answer alleged that in January, 1920, appellants sued George Seidensticker and nine other men, naming them, for a large number of

losses, including the identical losses described in the complaint in the instant cause and alleged in said complaint to have been caused by the dishonest acts of said Seidensticker during the term of the bond sued on in connivance with other officers, directors and employees of said German Investment & Securities Company. The said Seidensticker was the same Seidensticker named as appellee's principal in the instant complaint.

That said former complaint alleged that all of said losses, including the losses sued for in the instant complaint, were caused by the negligent and fraudulent acts of said Seidensticker as manager and employee (and not merely as director), and by his acts of misfeasance and nonfeasance in managing the affairs of said company, and that his co-defendants as directors connived with him in the performance of said acts and negligently permitted him to perform such acts.

Said third paragraph of answer then further avers that said former complaint alleged that said Seidensticker, with the negligent connivance of his co-defendants, had doctored the books and wrongfully paid dividends, including the identical $6,000.00 sued for in the instant complaint, and negligently loaned money to contractors, knowing them to be insolvent and worthless, including the identical losses sued for in the instant complaint, and that the former complaint had prayed judgment for all said losses.

It further alleged that appellants had recovered judgment in the sum of $349,510.00 against said Seidensticker and the other defendants in said former cause, and that said judgment was fully paid and satisfied by Seidensticker and the other defendants.

Said paragraph of answer further alleged that the matters sued on in the instant complaint had, therefore, been fully adjudicated between plaintiffs and said Seidensticker (appellee's principal); that Seidensticker had paid and satisfied the judgment and that as the

measure of his (Seidensticker's) liability was the measure of defendant's liability in this cause, plaintiffs have been paid in full and this defendant released and discharged.

The appellee contends that its theory of the third paragraph of answer is that appellants had elected to sue Seidensticker with others, as a joint tort-feasor, for the same damages (along with other damages) for which they now sue his surety; had recovered judgment against Seidensticker and the others and that such judgment had been fully paid and satisfied as to Seidensticker and the others; that, therefore, on the principle that one electing to sue a wrongdoer with others as a joint tort-feasor, procuring judgment and satisfying it, has no further action against such wrongdoer, appellants had released said Seidensticker from all liability for all wrongdoing within the issues of that action, and that, therefore, on the principle that release of the principal releases and discharges the surety or insurer, appellee was released and discharged from all liability under its bond.

And further that when appellants elected to sue Seidensticker as a joint tort-feasor in the former suit, and prosecuted the suit to judgment and accepted payment of, and satisfied such judgment, Seidensticker individually was fully released and discharged from liability for any damages that were within the issues.

And further that the identical damages sued for in the instant complaint were described in the former complaint, alleged to have been caused by Seidensticker's dishonest acts as manager and director, and judgment prayed for them. Therefore, the judgment in the former cause settled Seidensticker's liability for all such damages, because in such cases the judgment settles everything within the issues, even though no evidence was introduced on some of them.

The appellants contend that in the first suit referred to in the answer that Seidensticker was sued therein only in his capacity as a director and not as an employee of the company and that since this bond indemnified him as an employee the answer is not an effective bar.

Conceding that this was a suit on a surety bond the basis thereof sounds in tort. At the outset the receivers were entitled to proceed against all of the wrong-doers or tort-feasors either separately or jointly and their election, as alleged in the third paragraph of answer, to proceed against all of the tort-feasors jointly to the point of satisfaction (as the allegation of the paid judgment shows) is an effective bar to further proceedings growing out of this wrongdoing. This has been held many times. *Cleveland, Cincinnati, Chicago & St. Louis Railway Company* v. *Hilligoss* (1908), 171 Ind. 417, at page 423, 86 N. E. 485.

The allegation here that the receivers, as successors of the German Company, have received satisfaction for the payment of these judgments for the joint wrong of the directors is sufficient to constitute a good answer. *American Surety Company of New York* v. *State of Indiana ex rel. Souers et al.* (1912), 50 Ind. App. 475, 481, 98 N. E. 723; *Smith* v. *Graves* (1914), 59 Ind. App. 55, 108 N. E. 168; *Indiana Trust Co.* v. *Holzlaw* (1907), 40 Ind. App. 311, 81 N. E. 1084; *Everoad* v. *Gabbert* (1882), 83 Ind. 489.

It is admitted by both parties that both the third and fourth paragraphs of answer here must stand or fall upon the same general theory, consequently there was no error in overruling the demurrer to each paragraph of answer.

Finding no reversible error the judgment of the Marion superior court is in all things affirmed.